## CLARKE et al. v. SHIRK.

(Circuit Court of Appeals, Seventh Circuit. October 7. 1902.)

### No. 877.

1. VENDOR AND PURCHASER—CONSTRUCTION OF CONTRACT.

A contract for the sale of a lot recited that the consideration was $40,000, to be paid when the deed was made. It further provided that the vendor should take a lease of the property for 99 years, at an annual rental of $6,000, and should erect thereon a building of a certain size and character; that on the completion of the building free from liens the purchaser should pay to lessee a sum which, together with partial payments to be made as the work progressed, should make $60,000 additional, which should be considered an additional consideration for the land because of the erection of the building, and the assurance that the property so improved would be adequate security for the rental; and that if it was not erected the purchaser should be under no obligation to pay more than the $40,000. The conveyance was made, the consideration paid, and the lease executed; but after commencing the building the lessee died, the work was abandoned, and the lease forfeited by the lessor. *Held*, that the contract was not ambiguous, and that the heirs of the vendor were not entitled to recover thereunder the $60,000 as a part of the original consideration for the land.

2. EQUITY JURISDICTION—ADEQUATE REMEDY AT LAW—CONSTRUCTION OF CONTRACT.

A court of equity is without jurisdiction of a suit to construe a written contract and recover damages for its breach, where neither fraud nor mistake is alleged nor a reformation prayed for.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This suit is in equity and its purpose is to obtain construction of a contract in writing for the sale of certain real estate in Chicago, and to recover money

as a balance due on the purchase price. The contract was made between the intestate Clarke and Elbert W. Shirk, the appellee, in March, 1891. The bill claims that the terms of the contract are uncertain, indefinite, and ambiguous, and the court is asked to construe the contract so that its real meaning shall be that the consideration to be paid is $100,000, instead of $40,000, and that the balance of $60,000 was by the contract to be held by Shirk as a penalty to secure the erection of the building named in the contract and the payment of any damages that appellee might sustain by reason of Clarke's default in constructing the building.

The record shows that Clarke, being the owner of property at 333 Michigan avenue, on the 28th day of May, 1891, entered into a contract of sale with appellee, which is set out in full in the bill. It provides that Clarke shall furnish appellee with an abstract of title, and, if on examination the title is found merchantable, Clarke will convey the lands to appellee by warranty deed on payment of $40,000, which sum the contract states shall be in full payment for the property. It also provides that the appellee shall make, and Clarke shall take, a 99-year lease of the property at an annual rental of $6,000, which lease was to be executed contemporaneously with the conveyance of the property and the payment of the purchase price of $40,000. The contract further provides as follows:

"Said party of the first part [appellee] further agrees that if and when, within the time limited in said lease, which shall be before January 1, 1892, five stories of the building provided for in said lease, shall be erected and completed as far as it is possible to complete the same prior to the roof being on, and if and when all material and labor used and employed in said building up to that time is fully paid for so that the same shall be free from all liens and claims, he will pay to the said party of the second part, in further consideration for the conveyance aforesaid, the sum of $15,000 in cash; and if and when the roof is on said building and all material and labor up to that point paid for, so that the same shall be absolutely free and clear of all liens and claims of every kind whatsoever, he will pay to said party of the second part the further sum of $10,000; and if and when, within the time limited in said lease, the plastering in said building is entirely completed and paid for, so that the same shall be free from all liens and claims, he will pay to the said party of the second part the further sum of $10,000; and if and when the building specified in said lease shall be, within the time therein mentioned, entirely constructed and completed and ready for occupancy and entirely paid for, so that the same shall be absolutely free and clear of all liens and claims of every kind whatsoever, he will pay in addition to the aforesaid sums and as further consideration for the conveyance aforesaid, the sum of $25,000 in cash. Said party of the first part shall not, however, be required to pay the aforesaid sum of $15,000 until he shall be furnished with a certificate of such architect as shall be agreed upon, certifying that five stories of said building have been erected and that all materials and labor used in said building up to that point have been paid for as hereinabove stated; nor shall said party of the first part be required to pay the said sum of $10,000 until a certificate shall be furnished by said architect certifying that the roof of said building is entirely completed and paid for; nor shall said party of the first part be required to pay the said sum of $10,000 until said architect shall furnish him with a certificate, certifying that the roof is on said building and that all material and labor used in said building up to that point has been paid for; nor shall said party of the first part be required to pay the said sum of $25,000 until said architect shall furnish him with a certificate, certifying to the complete construction of said building in accordance with the terms and conditions of said lease, and that the same is ready for occupancy and entirely paid for and free and clear of all claims and liens as hereinbefore stated, and that the fees and charges of said architect have been paid.

"Said ninety-nine year lease shall provide for the erection by said party of the second part of a thoroughly fireproof apartment or flat building, which building shall cover the entire width of the front of said lot and shall not be less than eighty-five feet in depth. Said building shall be constructed of steel, brick, terra cotta and granite."

"The principal cause moving said party of the first part to purchase the aforesaid land, is the execution of the aforesaid lease and the expectation that the building therein specified will be fully erected and completed in conformity with the terms and conditions of said lease, so that the same will be a substantial and adequate security for the payment of the rent therein specified and the performance of the other conditions in said lease contained on the part of said lessee; and it is expressly understood and agreed that the said sum of $40,000 which is to be paid by the said party of the first part upon the delivery to him of the deed of said real estate, is and shall be in full payment and satisfaction of the whole purchase price of said land, and that the payment of the said additional sums of $15,000, $10,000, $10,000 and $25,000 are to be made by said party of the first part only if and when said party of the second part shall become entitled thereto by the erection and construction by said lessee of the building specified in said lease and at the respective times hereinbefore in that behalf stated; and that in such case the aforesaid sums are to be taken and considered as additional consideration for the said land because of the erection and construction of the said building in accordance with the terms and provisions of said lease, and for no other reason; and that unless said party of the second part shall become entitled to the payment of said sums respectively as aforesaid the said party of the first part shall be under no obligation of any kind to make any further or other payment or consideration for the said land except the said sum of $40,000."

It is then alleged that the title was examined and found merchantable, and the property was conveyed by Clarke and wife to appellee, and that the consideration of $40,000 named in the contract was paid, though the consideration named in the deed was $100,000.

It is also alleged that the lease was executed by the parties, and that shortly thereafter Clarke caused plans and specifications to be made, and entered upon the construction of the building provided for in the lease and contract; and that the building was begun about September 1, 1891, but that shortly afterwards Clarke died intestate, and that on the 2d day of November following his widow, Elizabeth Clarke, one of the complainants, was appointed administratrix by the probate court of Cook county, and she as administratrix, and the other complainants as heirs, of Clarke, prosecuted the work until about January 1, 1892, when they permanently abandoned the enterprise on account of the financial condition of the estate and certain alleged disputes about the plans and specifications.

It is then alleged that when the work was abandoned Clarke's estate had become involved in liabilities on contracts for work and materials to an amount exceeding $40,000. It is also alleged that about July 1, 1892, appellee served notices upon appellants of an intention to forfeit the lease because of their failure to construct the building; and that he did afterwards, in pursuance of the provisions of the lease, declare such forfeiture and take possession of the property.

It is then alleged that at the time of the execution of the contract it was understood and agreed between the parties that the purchase price to be paid for the land was to be $100,000, and that it was reasonably worth that sum. There is no charge in the bill of fraud or mistake. The court is simply asked to construe the contract, the claim of complainants being "that the terms, stipulations, and conditions in said contract are uncertain, indefinite, and ambiguous; and that more particularly the terms, stipulations, and conditions with reference to the payment of said $100,000 by said Shirk for the agreed purchase price of said premises are vague, uncertain, indefinite, and ambiguous in their meaning." The complainants claim that the true meaning of the contract is that the consideration to be paid by the defendant (appellee) for the conveyance of the land was $100,000, and that the $60,000, balance of purchase money, was the money of Clarke, held by defendant as a penalty to secure the erection of the building and the payment of any damages that he might sustain for any defect in its erection; that he has not sustained any substantial damage by the failure of complainants to erect the building, but if he has they are ready to pay them. By the prayer for relief the court is asked to decree that the purchase price agreed to be paid

was $100,000; that the $60,000 is the property of the complainants, and held by the defendant as a penalty, as before stated. A general demurrer to the bill was sustained by the court below, and a decree rendered dismissing the bill, from which decree the appeal is taken.

John W. Walsh, for appellants.

Frederic Ullmann, for appellee.

Before JENKINS and BAKER, Circuit Judges, and BUNN, District Judge.

Upon this statement of the case, BUNN, District Judge, delivered the opinion of the court.

The decision of the Circuit Court was correct, and must be affirmed. There is no allegation of fraud or mistake, and the suit is not brought to reform the contract. The gravamen of the complaint is the alleged vagueness, uncertainty, and ambiguity of the contract, and the court is asked to construe it according to the interpretation put upon it by the appellants, and assess damages against the appellee. But the court is of opinion that there is no uncertainty or vagueness or ambiguity in the contract; that it speaks for itself, and does not need a bill in equity to construe it. Indeed, the contract, which was in writing, seems to be as plain as language can make it. By its terms the contract price of the land was $40,000. The parties put that construction upon it when the conveyance was made and the $40,000 paid. If a building was built by Clarke according to certain plans and specifications, $60,000 in addition to the $40,000 was to be paid. But the building was never erected, and so by the terms of the contract the $60,000 never became due or payable.

It is alleged that the land was worth more than the agreed price of $40,000, but that is not a material allegation. That was a matter for the parties to settle, and which they did settle between themselves. The court cannot change the contract or make a new one for the parties.

Nor do we think the bill makes a case for equitable jurisdiction. If the contract needed the aid of a court to construe it, a court of law is as competent to do that as a court of equity, and in some respects is better adapted to assess the damages which the appellants seek to recover.

The decree of the court below is affirmed.